# Commonwealth *v.* Dayrey, Appellant.

*Criminal law—Selling liquor without a license—Medicinal and chemical properties—Evidence—Competency.*

Upon an indictment for selling liquor without a license in violation of the Act of May 13, 1887, P. L. 108, (Brooks License Law), evidence as to the medicinal and chemical properties, other than the alcoholic content, of the product sold, was properly excluded since it was not responsive to the indictment. A bottle of liquor alleged to have been sold by the defendant is admissible in evidence.

Argued April 12, 1921.   Appeal, No. 147, April T., 1921, by defendant, from sentence of Q. S. of Somerset County, Dec. Sessions, 1920, No. 11, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Frank Dayrey.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Indictment for selling liquor without a license.   Before BERKEY, P. J.

From the record it appeared that the defendant conducted a pool room, barber shop, grocery and candy store in which he sold wine of pepsin which, upon analysis, showed an alcoholic content of about 24 per cent by volume.   The defense offered to prove that the liquid was a medicine unfit for beverage purposes, but an objection to the offer was sustained and the defendant introduced no other evidence.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were refusal to quash the indictment, various rulings on evidence, refusal of new trial, and the sentence of the court.

*Norman T. Boose,* for appellant.

376, (1921).]    Arguments—Opinion of the Court.

W. *Curtis Truxal,* District Attorney, for appellee.

OPINION BY HENDERSON, J., July 14, 1921:

All of the material propositions presented for the consideration of the court on this appeal were considered and answered in the case of the Commonwealth v. Vigliotti, 75 Pa. Superior Ct. 366, and in the opinion of the Supreme Court in the same case filed May 26, 1921, and a restatement of the reasons on which the decisions are based is unnecessary.

The objections to the offers of evidence contained in the second, third, fourth and sixth assignments of error were properly sustained. The offers were not responsive to the indictment. The evidence referred to in the fifth assignment was properly admitted for the reason given by the trial judge.

All the assignments are overruled; the judgment is affirmed, and the record remitted to the court below. And it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.